IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE A. LARA-GARCIA, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4933 |
| | § | |
| SIX UNKNOWN AGENTS, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The Court has received a "civil rights" complaint under 42 U.S.C. § 1983 from federal prisoner Jose A. Lara-Garcia (BOP #49474-179). Lara-Garcia appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons set forth briefly below.

Lara-Garcia is currently incarcerated at a federal correctional center in Big Spring, Texas. Court records reflect that Lara-Garcia is serving a 46-month prison sentence for illegal reentry into the United States following removal or deportation. *See United States v. Jose Antonio Lara-Garcia*, Crim. No. 2:07-0573 (S.D. Tex.). Lara-Garcia does not appear to challenge his underlying conviction here. Instead, invoking *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), Lara-Garcia has filed a civil rights complaint against "six unknown" federal agents and President Barack Obama.

Lara-Garcia purports to seek relief for himself and on behalf of a list of other prisoners who are also apparently incarcerated in Big Spring. The complaint, however, features pages

of random words with no discernable cause of action. While there is no distinguishable claim, the plaintiff clearly seeks relief in treble the amount of $10,000,000.00 in compensatory and punitive damages, a donation of $100.00 to the American Red Cross, and various forms of injunctive relief, for the indecipherable wrongs listed in the complaint.

Because the plaintiff is incarcerated, the complaint is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights action where a district court determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

The complaint in this case does not identify any wrongful conduct attributable to any particular defendant and does not state a cognizable cause of action. Even under the liberal construction that is typically accorded to *pro se* pleadings, the complaint in this case fails to advance any meritorious theory or legal interest and clearly qualifies as frivolous. Therefore, the complaint will be dismissed with prejudice under 28 U.S.C. § 1915A.

Based on the foregoing, the Court **ORDERS** as follows:

1. The complaint is **DISMISSED** with prejudice as frivolous.

2. The appropriate official shall deduct funds from the inmate trust account of Jose A. Lara-Garcia (BOP #49474-179) forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) Warden, Big Spring Correctional Center, 1801 W Interstate 20, Big Spring, Texas 79720-0227; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on December 20, 2010.

_____
Nancy F. Atlas
United States District Judge